**Demurrer to
to declaration, and
judgment for
dfendant.**

**Question
stated, whose
is the note?**

**A note in
these words:
"I promise to
pay S. O.
$114, signed,
for B A. by
W. B. A." is
not an obligation of B.
A. but on
W. B. A.**

## Offutt vs. Ayres.

. Appeal from the Fayette Circuit; JESEE BLEDSOE, Judge.

*Principal and Agent. Construction. Obligation.*

Judge MILLS delivered the opinion of the court.

THIS is a summons and petition against Benjamin Ayres, on the following note:

"On the twenty fifth of December, eighteen hundred and twenty five, I promise to pay S. Offutt one hundred and fourteen dollars, for the hire of Harry.      *For B. Ayres,*
Lex. Feb. 28, 1825      *W. B. Ayres.*"

There was a demurrer to the petition, and that demurrer was sustained by the court below, and judgment rendered for the defendant, from which the plaintiff has appealed.

The question is, is this note to be taken on its face as the note of B. Ayres, or W. B. Ayres? If of the former, the judgment is wrong—if the latter the judgment is right.

Whether W. B. Ayres was or was not the agent of B. Ayers, is not material. If he was not the agent, then there could be no question that he alone is bound in the note. If he was the agent, it was competent for him to interpose his own credit and deal npon it, while dealing for his principal; and the question then turns upon the meaning of the instrument. On whom does it impose the obligation, on the principal or the agent.

Upon the letter of the instrument there can be no doubt. According to its grammatical import, it is the undertaking of W. B. Ayers. His signature to the note is in the same case, with the pronoun, "I," which precedes; and "I," is nominative to the verb "promise." Transpose the words as we please, the same meaning follows their letter. If the note read, "I, W. B. Ayres, promise to pay for B. Ayres" the sense would have been so striking, that there could not have been any dispute, without violence to the letter; and yet the order in which the words are placed, leaves the sense the same, and places every noun and verb in the same case, and mode and tense,

in which they would stand in the way supposed. The position only makes the sentence a little more obscure.

OFFUTT
VS.
AYRES.

It may be said, that the note is an inacurate way of executing an authority, and that it is so customary, as to demand of the court a construction of the words different from their proper meaning. It is true, that instances may be found, where the meaning of a word is changed by its popular use, so far from the proper sense, that to effectuate the intention of the parties in the use of it, courts have adopted the popular acceptation. But this doctrine ought not to be carried to the extent of changing grammatical construction, and transposing nominatives, and placing one case of nouns for another. To do this, it is necessary to aver and prove mistake or fraud, in order to change the instrument itself. Until this is done, he who has undertaken, or "promised," must be left bound by that undertaking, or promise; and it would be erroneous to release him from the literal and proper meaning of his undertaking.

With this accords the cases of McBean vs. Morrison, 1 Marsh. 545; and Duval vs. Craig, 2 Wheat. 56–7.

The judgment, the Chief Justice dissenting, must be affirmed, with costs.

*Dissent of Chief Justice* BIBB.

OFFUTT sued by petition and summons, and "states that he holds a note on the defendant, Benjamin Ayres, in substance, as followeth: On the 25th of Dec. 1825, I promise to pay S. Offutt one hundred and fourteen dollars, for the hire of Harry. Lexington, Feb. 28, 1825. *For B. Ayres,*

Test, Ezra Offutt. *W. B. Ayres.*

Yet the said debt remains unpaid," &c.

The defendant demurred. The court gave judgment for defendant.

Upon the face of the writing, it seems to me to be the note of B. Ayres, executed for him by his agent,

OFFUTT
vs.
AYRES.

Dissent by
ch. jus. Bibb.

W. B. Ayres. That such is the genuine, unadulter-ated meaning of the instrument, my mind perceives as clearly as it is capable of understanding any pro-position. This mode of executing a note for the principal by his agent, is plain, compendious, and, from its artless simplicity and clearness, is convenient and in common use. That the writing was intend-ed to signify, and does signify, a promise by B. Ayres, by his note of hand, executed for him by W. B. Ayres, as his agent, is, to my mind, a self evident truth, to be understood at once by inspection. Nor do I deem it necessary to call in any thing more by way of con-firmation of a proposition so plain to my view.

The petition states it to be the note of Benjamin Ayres; he has not denied the authority of W. B. Ayres to act for him in that behalf; the demurrer ad-mits the statement in the petition, that it is the note of Benjamin Ayres. If by plea, Benjamin Ayres, had denied that the note was his act, then to have charged him, it would have been necessary to prove the authority of W. B. Ayres. The demurrer does not question the authority of W. B. Ayres to act for Benjamin. But if W. B. Ayres had falsely assumed an agency, when in truth he had not authority to bind Benjamin, then W. B. Ayres would have been personally responsible; not by reason of this or that form by which he called himself agent, but upon the general principle that every one becomes personally responsible for falsely asserting an authority and act-ing on behalf of another, when in truth and in fact he had not the lawful authority so to act in the name of that other.

My opinion is, that the judgment should have been for the plaintiff, Offutt.

*Crittenden* and *Payne*, for appellant; *Mayes* and *Chinn*, for appellee.